IN THE UNITED STATES BANKRUPTCY COURT              (N)
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| ABRAHAM A. CONSTANTINO, | : | Case No. 05-28642-TPA |
| a/k/a ABRAHAM A. CONSTANTINO, JR., | : | Chapter 13 |
| *Debtor* | : | |
| | : | Related to Document No. 65 |

## MEMORANDUM ORDER

On November 30, 2005, after a status conference on the removal of certain adversary proceedings, this Court orally issued an Order requiring the Debtor, among other things, to make timely, future plan payments in the amount of $8,402, otherwise the case would be dismissed without further hearing upon the filing of an Affidavit of Default by any party. The reasons for the Court's position in this regard are clearly stated on the record which reasons are incorporated herein by reference.

The primary reason for the Court's directive was the Debtor's failure to make *any* plan payments since the filing of the case on July 5, 2005. At the time the Court made its oral findings, the Debtor was represented by counsel and also personally present in the Courtroom. No misunderstanding as to the Court's intent in regard to making timely payments was raised at the November 30th hearing either by the Debtor or his Counsel. The Chapter 13 Trustee's oral motion to dismiss, joined in by the creditor, Washington Mutual Bank, FA, was denied in light of the Court's Order. The Debtor was obviously pleased at obtaining a "second chance" to proceed with his case which "second chance" would continue only as long as the requirements set forth by this

1

Court in open court were strictly adhered to.

In addition to making timely plan payments on a going forward basis, the Debtor was to file an amended plan by December 30, 2005 and cure arrearages, which, at the time of the November 30, 2005 hearing totaled over $40,000 when coupled with the required December plan payment due within the week. In light of the arrearage situation, the Court ordered that a payment toward arrearages in the amount of $13,000 also be made to the Trustee no later than December 30, 2005. The Debtor and his Counsel indicated no misunderstanding of this requirement. For a number of reasons, the written Order of this Court detailing and "memorializing" the required "time line" for continuing in Chapter 13 was not entered until December 20, 2005.

Presently before the Court is the *Debtor's Expedited Motion to Reconsider Remedial Orders (Item #35)* (Document No. 66) apparently filed in regards to the oral Order of November 30, 2005, reduced to writing by the Order dated December 20, 2005. The Debtor requests the Court to reduce the required $13,000 December 30th payment to an unspecified amount. In his Motion, the Debtor does not claim any misunderstanding as to the requirements of the respective Orders regarding his need to make plan payments or to file the amended plan, but merely claims that he inadvertently directly paid certain mortgages rather than go through the Trustee as required by the local rules of this Court and the Orders in question. Furthermore, the Debtor claims he failed to deliver a certified check on or before December 20, 2005, the date required for a plan payment, but otherwise was in compliance with this Court's November 30, 2005 oral Order and December 20, 2005 written Order. Counsel for the Debtor makes these claims even though the Debtor was present in the Courtroom when the Court made clear to Counsel for the Debtor and the Debtor himself that

2

strict compliance with this Court's November 30, 2005 Order was required.

As of this date, upon reviewing the Trustee's website, it is clear that, *absolutely no payment has been made* since this Court's November 30th Order, or its December 20th Order, for that matter. (See copy of the Trustee's website attached to this Order.) Also, upon review of the docket, the Debtor has failed to timely file his amended plan, another critical component of this Court's prior orders.

Even assuming the Debtor's Motion was timely filed, this Court can find no "cause" alleged in the Motion justifying reconsideration. The Debtor has taken no good faith steps to comply with the "intent" of this Court's Orders of November 30, 2005 and December 20, 2005 let alone the "letter" of the Orders. The Debtor has failed to make the December 20, 2005 payment in the amount of $8,402. The Debtor has failed to file the amended plan as of December 30th. The Debtor has made no attempt to pay anything towards arrearages as of the required dated. Before the Court can consider exercising its discretion and reconsider either Order, the terms of which were clearly understood by all concerned at the November 30, 2005 hearing, the Debtor is required to demonstrate some "cause" justifying the exercise of this Court's discretion and the grant of a "third chance" to continue in Chapter 13. The only "cause" alleged by the Debtor for reconsideration of the stated Orders possibly goes toward reducing the required payment toward arrearages due on December 30th. But having failed to make a good faith effort to comply with the other, condition precedents of the Order, the Court cannot now reconsider its prior Orders based upon the "cause" stated in the Motion. It appears that the Debtor is attempting to manipulate the system to which this Court shall not be a party. Under the facts and circumstances of this case, the Court declines to exercise its discretion

3

to reconsider either the Order of November 30, 2005 or the Order of December 20, 2005. Therefore, for the foregoing reasons,

It is hereby **ORDERED, ADJUDGED and DECREED** that the *Motion to Reconsider Remedial Order (Item #35)* is hereby **DENIED**.

It is **FURTHER ORDERED** that, due to the Debtor's failure to timely comply with the terms of this Court's November 30, 2005 oral Order issued at the time of the "Status Conference on Removal at Adversary No. 05-3014" and the "Status Conference on Removal and Motion to Dismiss by Robert Woomer, Esq. at Adversary No. 05-3022" as reduced to writing by the Order entered on December 20, 2005, i.e., the Debtor has failed to make the required December 20, 2005 payment and file his amended Plan on or before December 30, 2005, time being of the essence in both respects, consistent with the terms of said Orders, this case is **DISMISSED** without prejudice.

Dated: January 3, 2006

Thomas P. Agresti
United States Bankruptcy Judge

4